ZHEN GUO WANG, Petitioner,

v.

Alberto R. GONZALES, Respondent.

No. 05–6132–ag.

United States Court of Appeals,
Second Circuit.

May 22, 2006.

Michael Brown, New York, New York, for Petitioner.

Drew H. Wrigley, United States Attorney for the District of North Dakota, Scott J. Schneider, Assistant United States Attorney, Bismark, North Dakota, for Respondent.

PRESENT: Hon. B.D. PARKER, Hon. REENA RAGGI, and Hon. RICHARD C. WESLEY, Circuit Judges.

**SUMMARY ORDER**

Zhen Guo Wang, through counsel, petitions for review of the BIA decision denying his motion to reopen his removal proceedings. We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements;

that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur*, 413 F.3d at 233–34; *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

"The statutory framework governing asylum proceedings does not provide for motions to reopen or reconsider, and the right to make such motions depends entirely on the administrative regulations." *Kaur*, 413 F.3d at 234 (internal quotation marks omitted). The regulations, in turn, provide that "[a] motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1) (2005); *Kaur*, 413 F.3d at 234. Failure to offer such evidence is, therefore, a proper ground on which the BIA may deny a motion to reopen, as is the movant's failure to establish a prima facie case for the underlying substantive relief sought. *See INS v. Abudu*, 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988).

■ As an initial matter, Wang cannot challenge the underlying adverse credibility determination, as he did not appeal the BIA's May 2005 affirmance of the IJ's decision in which the IJ found Wang not credible. Wang's current claim, that he fears persecution based on his father's death and his wife's affidavit that the family planning officials are still looking for him, depends on the same facts that the IJ found not to be credible. As Wang's new claim of well-founded fear of future persecution is not independent of the IJ's adverse credibility determination, the BIA was reasonable in discrediting the motion evidence based solely upon the IJ's initial finding. *Cf. Paul v. Gonzales*, 444 F.3d 148, 152–53 (2d Cir. Apr.6, 2006)

■ Furthermore, the BIA was not unreasonable in finding that Wang failed to show *prima facie* eligibility because he submitted no proof of causation for his wife's tumor or his father's death. The BIA did not hold, as Wang contends, that he was required to prove causation. Rather the BIA found that the evidence submitted did not support a finding of *prima facie* eligibility at all.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).